IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERTO GARCIA-CORRAL,

      Movant,

vs.　　　　　　　　　　　　　　　　　　　　　　No. CV 16-00477 KG/SMV
　　　　　　　　　　　　　　　　　　　　　　　　No. CR 14-03683 KG

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rule 4(b) of the Rules Governing Section 2255 Proceedings, on Movant Roberto Garcia-Corral's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 3; CR Doc. 22, 25). The Court determines it plainly appears from the record that Movant is not entitled to relief and the Court will dismiss the Motion.

Garcia-Corral was charged with Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b). (CR Doc. 1, 10). On October 29, 2014, he entered into a Fast Track Plea Agreement and pled guilty to the charge of Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b). (CR Doc. 13). Garcia-Corral was sentenced to 37 months of incarceration and final judgment was entered by the Court on February 10, 2015. (CR Doc. 18). Garcia-Corral filed his § 2255 Motion to vacate his sentence on May 23, 2016. (CV Doc. 1; CR Doc. 22). His Amended Motion was filed June 14, 2016. (CV Doc. 3; CR Doc. 25).

Garcia-Corral's § 2255 Motion was filed more than one year after his conviction became final. Therefore, he may only seek relief under § 2255 based on a right that is newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).[1] In his Amended Motion, Garcia-Corral seeks to be relieved of his sentence based on the Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). The Supreme Court's ruling in *Johnson,* however, does not apply to Garcia-Corral's sentence.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is impermissibly vague and imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Garcia-Corral's sentence was not enhanced under the residual clause of the ACCA. Instead, his sentence was imposed based on the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1326 and USSG § 2L1.2. (CR Doc. 1, 10, 13 ¶ 4,18).

The United States Supreme Court has not held that the language of 8 U.S.C. § 1326 or USSG § 2L1.2 is unconstitutionally vague, nor has it extended its *Johnson* holding to the INA. Garcia-Corral relies on the Ninth Circuit case of Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) to support his eligibility for resentencing. In *Dimaya,* the Ninth Circuit held that residual clause language of the INA is void for vagueness. 803 F.3d at 1119-20. *Dimaya*, however, was a direct appeal from a decision of the Board of Immigration Appeals and did not extend Johnson's holding to cases on collateral review. Similarly, *United States v. Viva-Ceja,* 808 F.3d 719 (7th Cir. 2015) held § 16(b) invalid on direct review but did not address collateral review under § 2255.

The third case cited by Carbajal-Argueta, *United States v. Gonzalez-Longoria,* 813 F.3d 225 (5th Cir. 2016) was expressly rejected by the Fifth Circuit sitting *en banc,* which ruled that

---

[1] Garcia-Corral raises no issue that he is proceeding under the alternative provisions of 28 U.S.C. §§ 2255(f)(2) or (4).

*Johnson* does not render § 16(b) void.  *United States v. Gonzalez-Longoria*, ___ F.3d ___ , 2016 WL 4169127 (2016).  Garcia-Corral also cites the enhancement of his sentence under USSG § 2L1.2.  However, the Tenth Circuit has noted that § 2L1.2 does not contain any residual clause and, therefore, *Johnson* is inapplicable to cases involving § 2L1.2.  *See In re: Milton Enrique Sanabria-Bolanos,* No. 16-2090 (10th Cir. June 6, 2016).

The *Johnson* holding does not extend to Garcia-Corral's sentence under the INA and Garcia-Corral does not establish a new rule of law by the Supreme Court made retroactive to cases on collateral review.  Garcia-Corral is not eligible for relief under § 2255 on collateral review. *See* 28 U.S.C. § 2255(f)(3).[2]  Therefore, the Court will dismiss his Motion under rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court also determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings, that Garcia-Corral has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability. 28 U.S.C. § 2253(c)(2).

**IT IS ORDERED** that Movant Roberto Garcia-Corral's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 3; CR Doc. 22, 25) are **DISMISSED** under rule 4(b) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Garcia-Corral's Fast Track Plea Agreement also contains a waiver of collateral review under § 2255. (CR Doc. 13, ¶ 7).  Because the Court disposes of his Motion on other grounds, the Court does not reach the question of whether the waiver of collateral review also bars his Motion.